UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DONALD LEE MCELRATH,

    Plaintiff,

v.                                      Case No. 24-cv-0061-bhl

MILWAUKEE COUNTY JAIL
MAILROOM STAFF,

    Defendants.

---

## SCREENING ORDER

---

Plaintiff Donald Lee McElrath, who is currently incarcerated at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on McElrath's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

McElrath has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), McElrath has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $8.07. McElrath's motion for leave to proceed without prepaying the filing fee will be granted.

SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

McElrath alleges that jail staff committed federal mail theft as outlined in 18 U.S.C. §1709, a criminal statute applicable to Postal Service officers or employees. McElrath's allegations are not entirely clear, but he appears to assert that two letters he mailed to the Supervising Agent of the FBI's Milwaukee field office and one letter he mailed to the Office of Lawyer Regulation were returned to him as undeliverable. McElrath also asserts that the letters were opened. According to McElrath, he is "currently being attacked by white supremacist cyberterrorist[s] who are responsible for attacking [him] . . . on July 27, 2023." It is not clear if McElrath believes this is currently happening or if this is what was written in the letters that were returned to him.

## THE COURT'S ANALYSIS

McElrath fails to state a claim against the jail mailroom staff under 18 U.S.C. §1709 for two reasons: 1) §1709 is a criminal statute and does not provide a private right of action; and 2) §1709 applies only to "Postal Service officer[s] or employee[s]," and the jail mailroom staff work for Milwaukee County, not the U.S. Postal Service. *See, e.g., Sciolino v. Marine Midland Bank-Western*, 463 F. Supp. 128, 130-31 (W.D.N.Y. 1979) (holding that a "civil claim arising out of an alleged violation of penal statutes relating to the mails—i.e., 18 U.S.C. §§ 1701, 1702, 1703 and 1709 is not" cognizable); *Childs v. Neighbors*, No. 20-cv-13094, 2023 WL 2174480, at *6 (E.D. Mich. Feb. 22, 2023).

Nor does McElrath state a claim based on allegations that his mail was opened when it was returned to him. The Seventh Circuit has repeatedly "upheld regulations authorizing prison officials to inspect incoming or outgoing non-legal mail for contraband against First Amendment

3

challenges." *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999); *see also Guajardo-Palma v. Martinson*, 622 F.3d 801, 804-06 (7th Cir. 2010) (holding that "as long as the prison confines itself to opening letters that either are public or if private still are not of a nature that would give the reader insights into the prisoner's legal strategy, the practice is harmless and may be justified by the volume of such mail that a litigious prisoner can generate").

Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the Court need not do so where the amendment would be futile. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015). No set of facts would make the harm McElrath complains of actionable.

**IT IS THEREFORE ORDERED** that McElrath's motion for leave to proceed without prepaying the filing fee (Dkt. No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of McElrath shall collect from his institution trust account the $341.93 balance of the filing fee by collecting monthly payments from McElrath's prison trust account in an amount equal to 20% of the preceding month's income credited to McElrath's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If McElrath is transferred to another institution, the transferring institution shall forward a copy of this Order along with McElrath's remaining balance to the receiving institution.

4

Case 2:24-cv-00061-BHL    Filed 03/04/24    Page 4 of 5    Document 10

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the Office of the Sheriff, Fiscal Operations Rm 224, 821 W State Street, Milwaukee, WI 53233 and emailed to DLSFedOrdersEastCL@doj.state.wi.us.

Dated at Milwaukee, Wisconsin on March 4, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.